**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4702**

UNITED STATES OF AMERICA,

                   Plaintiff - Appellee,

          v.

KURT FORDHAM,

                   Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Roger W. Titus, District Judge.  (8:08-cr-00288-RWT-3)

Submitted:  September 29, 2010          Decided:  November 8, 2010

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas J. Saunders, LAW OFFICE OF THOMAS J. SAUNDERS, Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, James A. Crowell IV, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kurt Fordham appeals the 120-month sentence he received after he pled guilty to conspiracy to commit mail and wire fraud, 18 U.S.C. § 1349 (2006). Fordham contends that the district court clearly erred in finding that he was not a minor participant in the conspiracy, U.S. Sentencing Guidelines Manual § 3B1.2(b) (2008), and in applying an adjustment for vulnerable victims, USSG § 3A1.1(b)(1). We affirm.

In the statement of facts that supported Fordham's guilty plea, he admitted participating in a conspiracy that targeted homeowners who had substantial equity in their homes but were having difficulty making their mortgage payments and were facing foreclosure. Fordham's wife, Joy Jackson, and co-conspirator Jennifer McCall started the Maryland Money Store (MMS) in 2005. At the same time, Fordham, Jackson, and McCall's husband incorporated Fordham and Fordham Investment Group (F&F) and Burroughs and Smythe Financial Services (B&S) was incorporated by Fordham, the McCalls, and their daughter. MMS advertised that its "foreclosure reversal program" could help distressed homeowners "avoid foreclosure, keep their homes, and repair their damaged credit." In fact, homeowners who entered the program were directed to allow title to their homes to be transferred to third-parties, or straw buyers, for one year. The conspirators applied for new, fraudulently inflated mortgage

2

loans, extracted the equity from the property, transferred the sale proceeds from the escrow accounts to their business and personal accounts, and converted much of the money to their personal use.

Fordham acted as a straw buyer for six or more properties. In conjunction with Jackson and McCall, he also paid bank employees to perform certain functions such as providing verifications of bank accounts to lenders for program loans; providing false income balances to lenders for straw buyers; putting straw buyers and others onto accounts for lender verification; transferring money temporarily into an account to show a certain amount; and shifting money between F&F, MMS, B&S, and other accounts to facilitate loans. At sentencing, over Fordham's objections, the district court determined that he had more than a minor role even though he did not deal directly with homeowners and that a vulnerable victim adjustment was warranted.

On appeal, Fordham first maintains that he had a minor role in the offense because he allowed his name and credit to be used, but did not actively participate in the scheme. A defendant has the burden of showing that the adjustment applies to him. United States v. Akinkoye, 185 F.3d 192, 202 (4th Cir. 1999). The district court's factual finding is reviewed for clear error. United States v. Edwards, 188 F.3d 230, 238 (4th

Cir. 1999). The adjustment applies only to a defendant whose part in the offense "makes him substantially less culpable than the average participant." USSG § 3B1.2 cmt. n.3(A) (2008). The defendant's conduct is examined not only "relative to the other defendants, but also . . . relative to the elements of conviction" and the ultimate question is "whether the defendant's conduct is material or essential to committing the offense." United States v. Blake, 571 F.3d 331, 352-53 (4th Cir. 2009) (quoting Akinkoye, 185 F.3d at 202), cert. denied, 130 S. Ct. 1104 (2010). Given the nature of Fordham's admitted conduct, he made a material contribution to the furtherance of the conspiracy; therefore, the district court did not clearly err in denying him a minor role adjustment.

Fordham next argues that, although the victims were financially stressed, they were not vulnerable in the sense intended by § 3A1.1(b)(1). The guideline provides a two-level adjustment which applies "[i]f the defendant knew or should have known that a victim of the offense was a vulnerable victim." Before making the adjustment, the court must first determine that a victim was "unusually vulnerable due to age, physical or mental condition, or . . . otherwise particularly susceptible to

4

the criminal conduct." USSG § 3A1.1 cmt. n.2.[*] See United States v. Llamas, 599 F.3d 381, 388 (4th Cir. 2010). The court must also find that the defendant knew or should have known of the victim's unusual vulnerability. Id. Because the court's determination is factual, it is reviewed for clear error. Id.

Fordham acknowledges but does not address United States v. Holmes, 60 F.3d 1134, 1136-37 (4th Cir. 1995), in which we held that victims of a similar offense, who were sought out by the defendant because they had poor credit and obtained mortgage loans from him, were vulnerable victims. In light of Holmes, the district court did not clearly err in finding that the vulnerable victim adjustment applied in Fordham's case.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] The adjustment currently does not require that the defendant have targeted the victim specifically because of his vulnerability. See App. C, amend. 521.